No. 17-0978 –*State of West Virginia v. Travis Norwood*

WALKER, Chief Justice, concurring:

**FILED**
**June 7, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I agree with the majority's conclusion that Mr. Norwood's conviction should be affirmed because (1) there was sufficient evidence to support his conviction for delivery of a controlled substance; and (2) under the majority's new syllabus point 6, his sentence was legal. However, I write separately because I would affirm the circuit court's decision on the third issue, Mr. Norwood's proportionality challenge, on the basis that he expressly waived his constitutional right to make this challenge.

The record is clear that the circuit court specifically gave Mr. Norwood an opportunity to present a proportionality challenge and that he expressly waived the issue. The circuit court determined that Mr. Norwood "freely, knowingly and voluntarily waived any contest [to] the proportionality of the sentence imposed by statute." Rather than addressing this express waiver before considering the merits of the proportionality challenge, the majority opinion relegates discussion of this issue to a footnote after its analysis, stating, "We would also note that Defendant Norwood waived the Constitutional challenge to his sentence below. The colloquy during the sentencing phased, couple with the language in the circuit court's October 10, 2017, [order] demonstrate that waiver."

It is well-established that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights," if "such knowing and intelligent waiver is

conclusively demonstrated on the record."[1]  In the instance where a party has made a knowing and intelligent waiver, this Court has recognized that "there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined."[2] Because the circuit court concluded that Mr. Norwood had freely, knowingly and voluntarily waived any contest to the proportionality of his sentence, I would have resolved this issue on the basis of waiver.  For this reason, I concur.

---

[1] Syl. Pt. 2, in part, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

[2] Syl. Pt. 8, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).